CAPITAL FIRE INSURANCE COMPANY v. KING.

Opinion delivered February 22, 1909.

INSURANCE—WHEN WARRANTY NOT BROKEN.—A breach of a warranty in an application for fire insurance that no other company had declined to insure the property is not established by proof that an agent of one company had declined to write a policy because he did not have time to go and look at the property and could not write a policy without doing so; nor by proof that another agent had declined to write a policy because he had no authority to write one on property in that territory.

Appeal from Hempstead Circuit Court; *Jacob M. Carter*, Judge; affirmed.

*Ratcliffe, Fletcher & Ratcliffe* and *C. S. Collins,* for appellant.

The truthfulness of appellee's answer in his application was made a warranty, and must be *strictly* true. It is shown by two witnesses that his application for insurance in other companies had been refused. The policy is void by reason of his false answers. 58 Ark. 528; 82 Ark. 400.

*W. S. Eakin,* for appellee.

The testimony of Spraggins and Bridewell is not sufficient to show that appellee had been refused insurance in the property in question in other companies. But if Forney King did make a misrepresentation, which is by no means conceded, it was not such a misrepresentation as would be fatal to the contract. It was not a warranty, had no reference to the value of the property, nor to its location, nor did it conceal anything with reference to its present condition. Parsons, Law of Business, Rev. Ed. 418, 419; 82 Ark. 402.

McCULLOCH, C. J. This is an action upon a fire insurance policy issued by the defendant to plaintiff on his house, situated near the town of Washington, in Hempstead County. Defendant pleads an alleged breach of warranty as to the truth of an answer to a question propounded in the application. The answers to all questions in the application are, by express terms of the contract, made warranties.

The question and answer are as follows: "Has any company recently declined or cancelled insurance on this property? A. No." Defendant attempted to prove by two witnesses, Spraggins and Bridewell, that the answer was untrue. Both of these witnesses were insurance agents at the town of Hope, in Hempstead County. Mr. Spraggins represented the Planters' Fire Insurance Company, and was authorized to issue policies on property in the town of Hope, but had authority only to receive and forward applications for property outside of the town. He testified that on the same day on which the plaintiff made his application to defendant company the plaintiff's brother, F. D. King, applied to him for insurance on the house in question, owned by plaintiff, and that he informed plaintiff's brother that

he did not have time to go and look at the property, and could not write the insurance without doing so.

Mr. Bridewell's testimony on the subject is as follows:

"Q. This is a suit by J. C. King against the Capital Fire Insurance Company for fire loss on house two miles east of Washington belonging to J. C. King?"

A. "I am not well acquainted with Mr. King, but a Mr. King came into my office—I cannot fix the time, but at some time about that time—and asked me to insure a house up here, and I refused to take the insurance. That was all that passed between us. I told him I could not write it.

Q. "You refused to write it in any of your companies?

A. "Yes, sir.

Q. "Do you recollect whether or. not that was on the same day that it was actually written in the Capital, later on in the day?

A. "I don't think I know anything about when it was actually written in the Capital. I don't know that I ever heard that he got any insurance. I refused to insure the property."

We are of the opinion that the evidence of these two witnesses failed to show that the answer in the application for insurance was untrue. The question contained in the answer was, "Has any company recently declined or cancelled insurance on this property?" Mr. Spraggins had no authority to accept or reject applications for insurance on property outside of the town of Hope. His authority extended only to receiving and forwarding applications. No application was ever prepared or forwarded to the company, and therefore it cannot be said that that company declined insurance on the property.

Mr. Bridewell's testimony wholly fails to identify the plaintiff or his brother as the individual who applied to him for insurance; nor does his testimony show the time when the application was made to him, nor the property upon which the insurance was desired. The trial court was therefore correct in refusing to submit the question to the jury.

Judgment affirmed.